UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTRY CASUALTY INSURANCE COMPANY et al., <br><br> Plaintiffs, <br><br> v. <br><br> HYUNDAI MOTOR AMERICA et al., <br><br> Defendants. | Case No. 8:24-cv-02428-SB-JDE <br><br> ORDER DENYING MOTION TO REMAND [DKT. NO. 19] |

    This action was removed based on diversity jurisdiction. Dkt. No. 1. Plaintiffs now move to remand, relying solely on the argument that "snap removal"—the removal of a case before an in-state defendant is served—violates the forum-defendant rule in 28 U.S.C. § 1441(b)(2). Dkt. No. 19. The Court finds this matter suitable for decision without oral argument and vacates the January 24, 2025 motion hearing. Fed. R. Civ. P. 78; L.R. 7-15.

    Plaintiffs do not dispute that diversity is complete. And they acknowledge that district courts in the Ninth Circuit are divided on the propriety of snap removal—the sole issue on which their motion is based. This Court has explained its view, shared by multiple circuit courts, that the plain text of § 1441(b)(2)— which prohibits removal "if any of the parties in interest properly joined and served as defendants" is a citizen of the forum state—unambiguously allows for snap removal. *Harrison v. Sonesta Int'l Hotels Corp.*, No. 2:23-CV-04867-SB, 2023 WL 5351873, at *2–3 (C.D. Cal. Aug. 18, 2023) (analyzing snap removal at length and rejecting absurdity challenge); *accord Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("By its text, . . . Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."); *Encompass Ins.*

1

*Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) ("[W]e conclude that the language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served.").

Plaintiffs fail to present any new controlling authority or persuasive argument that would justify departing from the Court's conclusion in *Harrison*. To the contrary, the Ninth Circuit has since clarified that "formal service is not a prerequisite to removal under § 1446(b)(1)." *Mayes v. Am. Hallmark Ins. Co. of Texas*, 114 F.4th 1077, 1079 (9th Cir. 2024) (holding that "removal was proper in this [diversity] case" even though the defendant had not been formally served). Although *Mayes* did not address the forum-defendant rule under § 1441(b)(2), it undermines a key premise relied upon by many courts that have deemed snap removal under that statute improper. *See, e.g., Allied Prop. & Cas. Ins. Co. v. Hyundai Motor Am.*, No. 8:24-CV-01135-DOC, 2024 WL 3495340, at *4 (C.D. Cal. July 22, 2024) (rejecting snap removal based on conclusion that "the plain language [of the forum-defendant rule] dictates that service is required before removal"); *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 316–18 (D. Mass. 2013) (collecting cases adopting different approaches to snap removal and concluding that the plain language of § 1441(b)(2) requires service before removal). Indeed, Plaintiffs' motion to remand relies on the argument squarely rejected by *Mayes*. Dkt. No. 19-1 at 9 (arguing that "[t]he clear subtext of [§ 1446(b)] is that a complaint must first be served prior to removal, precluding snap removal.").

Accordingly, for the reasons the Court explained in *Harrison*, the plain text of § 1441(b)(2) does not create a bar to removal unless the forum defendant has been "properly joined and served." Because no forum defendant was served before removal, Plaintiffs have not shown that remand is warranted, and their motion is denied.[1]

Date: January 16, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[1] The Court does not reach Defendants' additional argument that the forum defendants were not properly joined.